■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARMANDO NEGRON, Appellant.— Order affirmed. No opinion. See *People ex rel. Negron v. Jackson* (4 A D 2d 1030). Concur — Breitel, J. P., Botein, Valente, Bergan and Bastow, JJ.

■ In the Matter of KATHLEEN GOTTFRIED, Appellant, against GOTTFRIED BAKING CO., INC., et al., Respondents.— Order insofar as appealed from reversed. We recognize the rule that upon a proper showing a party may be entitled to examine before trial an accountant or attorney employed by an adverse party. Here, however, there were no special circumstances disclosed to justify the examination of either. It is conceded that at a prior date the accountants inspected and examined the books of respondents and presumably the results thereof were made available to appellant or her attorneys. The respondents heretofore have been granted extensive rights to examine the appellant and her husband. (Cf. *Matter of Gottfried* v. *Gottfried Baking Co.*, 2 A D 2d 959.) No valid reason has been presented to justify the examination of the accountants. The respondents also seek to examine appellant's attorney generally and specifically in regard to certain conversations between petitioner's husband and third parties when it is claimed the attorney was present. The husband and some of the third parties have been examined as to these matters and the primary purpose of examining the attorney is to explore his recollection of these conversations. Pretrial examinations must terminate at some point and in the exercise of a proper discretion the motion to vacate should have been granted. Settle order. Concur — Breitel, J. P., Botein, Valente, Bergan and Bastow, JJ.

■ EMILY DENTE, Respondent, v. CARMINE DENTE, Appellant.— Petitioner, a resident of The Bronx, filed a petition in the Domestic Relations Court alleging her husband, the respondent, had failed to support her. The husband lives in Mount Vernon but works in New York City. A summons was issued and service was made upon the respondent by mail addressed to his home in Mount Vernon. He appeared specially by counsel and objected to the jurisdiction of the court. After hearing argument the court denied the motion to dismiss the petition and directed that a warrant issue. From this order and direction respondent appeals. The service of the summons by mail in Mount Vernon did not give the court jurisdiction of the respondent. If the respondent is not a resident of the city at the time of filing the petition, he must be "found therein" to confer jurisdiction (N. Y. City Dom. Rel. Ct. Act, § 103, subd. 1, par. [b]). In the case of a nonresident, whether the procedure followed on filing the petition is by summons or warrant, the service must be made on finding the respondent within the city. Elsewhere in the statute (§ 123, subd. [f]) it is provided that warrants "shall be valid throughout the State" but this does not permit jurisdiction to be taken of a nonresident by execution on a warrant not executed within the city. The court was right in denying the motion to dismiss the petition since it set forth the essential jurisdictional fact petitioner lives in New York; and the court was justified in issuing a warrant on this petition, since the summons here was ineffectual (§ 123, subd. [d]). But jurisdiction of respondent can be acquired only by service of the warrant within the city. The orders appealed from are affirmed. Concur — Breitel, J. P., Botein, Valente, Bergan and Bastow, JJ.